UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATILDA BROWN GARDNER,

    Plaintiff,

v.

CORRECTIONS OFFICER McQUEEN
and COUNSELOR JONES,

    Defendants.

_____/

Case No. 2:16-cv-13790

Honorable Victoria A. Roberts

**ORDER DENYING THE MOTION FOR INJUNCTIVE RELIEF
AND DISMISSING THIS CASE WITHOUT PREJUDICE**

**I. Introduction**

This matter came before the Court on plaintiff Matilda Brown Gardner's "Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction." Plaintiff is a state prisoner at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan. Although there is no caption on the face of her motion, Plaintiff indicates in the body of the motion that she is suing a corrections officer named McQueen and a corrections counselor named Mrs. Jones.

Plaintiff alleges that the defendants have deprived her of access to the Federal District Court by confiscating her legal papers and transcripts, depriving her of paper, pencils, and envelopes, and denying her an adequate amount of time in the prison law library to conduct legal research. She claims that: the continuous deprivation of constitutional rights constitutes irreparable harm; she will be foreclosed from filing a timely habeas corpus petition and having her habeas petition heard on the merits if she

is not granted relief; she is likely to succeed on the merits of her claim; and the grant of relief will serve the public interest. She seeks writing supplies, copying and mailing privileges, and adequate time in the law library.

## II. Discussion

The Court recently granted Plaintiff permission to proceed without prepayment of the filing fee for this action. *See* ECF No. 8. Pursuant to the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's case and dismiss the case if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A pleading is frivolous if it lacks an arguable basis in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and it "is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Plaintiff's action is frivolous because she states that she is bringing a civil rights action under the habeas corpus statute. The two types of cases (civil rights and habeas) are fundamentally different. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ [of habeas corpus] is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). In contrast, a civil rights action under 42 U.S.C. "§ 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge

2

to the conditions of [her] prison life, but not to the fact or length of [her] custody." *Id.* at 499.

Although Plaintiff's motion is more akin to a civil rights action than a habeas petition, she cites the federal removal statute in her motion. The statute provides that, generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Plaintiff has not identified any pending action in state court that could be removed to this Court.

Furthermore, if Plaintiff's intent was to commence an original action in this Court, she should have filed a complaint, because the proper way to commence a civil action in federal court is to file a complaint. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Federal district courts possess authority to dismiss an action when a plaintiff fails to comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999)).

> "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id.* at 363 (brackets and internal quotation marks omitted). A district court therefore "must be given substantial discretion in serving these tasks." *Id.*

*Id.*

Although the allegations of a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner,* 404 U.S. 519, 520 (1972),

> the lenient treatment generally accorded to pro se litigants has limits. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant. *Id.*

*Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff commenced this action by filing a memorandum of law in support of a motion for a temporary restraining order and a preliminary injunction. Although the Clerk of the Court docketed the motion as a complaint, Plaintiff failed to file an actual complaint. She can be expected to be familiar with the easily understood requirement of having to file a complaint to commence an action. "Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief." *Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007); *accord Adair v. England*, 193 F. Supp. 2d 196, 200 (D. D.C. 2002) ("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief."); *P. K. Family Restaurant v. Internal Revenue Serv.*, 535 F. Supp. 1223, 1224 (N.D. Ohio 1982) ("Absent a complaint, this Court lacks jurisdiction to entertain plaintiff's petition for injunctive relief.").

### III. Conclusion

Plaintiff failed to commence a proper civil action, and the Court lacks jurisdiction to grant her request for injunctive relief. Accordingly, the motion for a temporary restraining order and preliminary injunction (ECF No. 1) is denied, and this case is hereby dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

The Court declines to certify this case for appeal because an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

                                                S/Victoria A. Roberts
                                                VICTORIA A. ROBERTS
                                                UNITED STATES DISTRICT JUDGE

Dated: January 13, 2017